UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SAADALLAH ALI BELHAS, et al., <br>     Plaintiffs, <br><br> v. <br><br> MOSHE YA'ALON, <br><br>     Defendant. | ) <br> ) <br> ) <br> )    Civil Action No. 05-2167 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME
TO FILE MOTION FOR CLASS CERTIFICATION**

INTRODUCTION

On November 4, 2005, Plaintiffs filed a class action complaint on behalf of those killed or injured in the shelling of the United Nations compound in Qana, Lebanon in 1996 against Defendant for his participation in the decision to carry out that attack. Defendant appeared for the limited purpose of making a threshold jurisdictional motion. Plaintiffs request leave to move for class certification at a time to be set at the Local Rule 16.3 conference and approved by the Court. Defendants are not prejudiced by such a delay in litigating the issue of class certification.

ARGUMENT

Plaintiffs filed a class action complaint on November 4, 2005. It was served on December 15, 2005. Defendant entered an appearance for the limited purpose of challenging the Court's subject matter jurisdiction over the action. See January 3, 2006 Joint Motion for

1

Approval of Briefing Schedule, p. 1.  Defendant requested and the parties stipulated to an extended period for the submission and briefing for Defendant's Motion to Dismiss.  By Order dated January 4, 2006, the Court approved the schedule.  On February 21, 2006, Defendant moved to dismiss on political question, act of state, and foreign sovereign immunity grounds.  Plaintiffs filed their opposition to the motion to dismiss on May 15, 2006, Defendant filed a reply on June 26, 2006, and oral argument on the matter has been requested.

The Complaint contains class allegations in paragraphs 15 through 19.  Plaintiffs did not move for class certification within the period set by Local Rule 1-13(b) and now request an enlargement of time within which to move for class certification.  This litigation is in a very preliminary stage.  Leave to file a motion for class certification at a time agreed to at the Rule 16.3 conference and approved by the Court is consistent with Rule 23 of the Federal Rules of Civil Procedure, equity and judicial efficiency.

"[T]he provision of Rule 23 which requires class certification 'as soon as practicable' is not an inflexible requirement, but a proposition that must be considered with an eye toward the particular facts of each action." *Bridges v. Blue Cross & Blue Shield Ass'n*, 1995 U.S. Dist. LEXIS 9477, *8-*9 (D.D.C. 1995) (deferring class certification until defendant's motion to dismiss had been decided), citing 7B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1785, at 96 (1986).  Given the limited nature of Defendant's appearance in this case, Defendant should not be required to reply to a class certification motion before the Court's jurisdiction is established, and Plaintiffs should not be required to move for class certification before then.

As noted in *Gray v. Greyhound Lines, East*, 545 F.2d 169, 173, n.11 (D.C. Cir. 1976), "[a] District Court's decision to dismiss the class allegations solely because of plaintiffs' failure to file a timely motion for certification, and without any consideration of the factors made relevant by Rule 23(b), Fed. R .Civ. P., is unusual." *See also*, *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 558 (5th Cir. 1981)(a technical violation of a local timing rule alone may not be sufficient to require denial of certification); *Castro v. Beecher*, 459 F.2d 725, 731 (1st Cir. 1972)(same); *Marquez v. Kiley*, 436 F. Supp. 100, 109 n.9 (S.D.N.Y.1977)(same). See also, *Alexander v. FBI*, 971 F. Supp. 603 (D.D.C. 1997). Commentators have noted that a class certification motion should not be denied on timeliness grounds unless the defendants can make some showing that they have actually been prejudiced by the delay. *See Senter v. General Motors Corp.,* 532 F.2d 511, 521 (6th Cir.), *cert. denied,* 429 U.S. 870 (1976); *see also Larionoff v. United States,* 533 F.2d 1167, 1183 (D.C. Cir.1976) ("absent some showing of actual prejudice either to the Government or to the absent class members, we cannot conclude that the simultaneous entry of the judgment and the class action certification was reversible error."); *see generally* 7A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1785 (1972 & 1982 Supp.).

In *Buttino v. F.B.I.,* 1992 WL 12013803, *5 (N.D. Cal. 1992), the plaintiff's motion for class certification was filed eight months after plaintiff's motion to add class allegations was granted. Nevertheless, the court considered and granted the motion. As the court explained:

> Leniency in this area is reasonable in light of the policy reasons underlying class actions. One of the primary purposes for class actions is to accomplish judicial economy by avoiding multiple suits. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). Thus, where a lawsuit fulfills the requirements of a class action, the fundamental objective of facilitating judicial economy supports a finding that

a motion for class certification should not be defeated where the motion is somewhat untimely.

In *Shariff v. Goord*, 235 F.R.D. 563 (W.D.N.Y. 2006), as in the case at bar, the motion for class certification was not filed within the time period prescribed by local rule. The court noted that because the defendants filed a motion to dismiss in lieu of an answer, the issue was not joined until after the motion to dismiss was denied. *Id.* at 569. In the circumstances of the pending case, as in *Shariff*, Defendant is not prejudiced by this delay.

## CONCLUSION

In the circumstance of this case, in the absence of any prejudice to Defendant, Plaintiffs should be granted leave to move for class certification at a time to be set at the Local Rule 16.3 conference and approved by the Court.

Dated : September 29, 2006                     Respectfully submitted,

        /s/
JUDITH BROWN CHOMSKY
Law Offices of Judith Brown Chomsky
P.O. Box 29726
Elkins Park, PA 19027
(215) 782-8367
(215) 782-8368 (fax)
jchomsky@igc.org

        /s/
JAMES R. KLIMASKI (#243543)
KLIMASKI & ASSOCIATES, P.C.
1819 L Street NW – Suite 700
Washington, DC 20036-3830
(202) 296-5600
(202) 296-5601  Fax
Klimaski@klimaskilaw.com

*Counsel For Plaintiffs*